UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
Asheville DIVISION
DOCKET NO. 1:18-cv-00371-FDW

| | |
|---|---|
| Sheila D. Bailey, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| Andrew M. Saul, ) | |
| ) | |
| Defendant. ) | |

THIS MATTER is before the Court on Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act ("EAJA") (Doc. No. 19). Defendant filed a response in opposition arguing the number of hours expended by Plaintiff's counsel was excessive. (Doc. No. 20). Plaintiff subsequently filed her reply. (Doc. No. 21). Having carefully considered the motions, the record, and applicable authority, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion.

## I. BACKGROUND

On March 19, 2020, this Court vacated the Commissioner's decision regarding Plaintiff's application for Supplemental Social Security Income and Disability Insurance Benefits and remanded for a new hearing and further consideration. (Doc. No. 16). This Court concluded an error occurred when the ALJ failed to properly explain her reasoning for Plaintiff's RFC such that full review of the ALJ's findings was impossible. Id. at p. 11. The Court remanded for further proceedings and Plaintiff subsequently filed this Motion for Attorney's Fees on June 15, 2020.

## II. STANDARD OF REVIEW

Granting a motion for attorney's fees and costs to the "prevailing party" under the EAJA is proper "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The EAJA provides

for a "reasonable" award of attorney's fees. 28 U.S.C. § 2412(d)(2)(A) (2018). In determining whether such award is reasonable,

> [t]he most useful starting point . . . is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly. The district court should also exclude from this initial fee calculation hours that were not "reasonably expended." Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.... Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority.

Hensley v. Echerhart, 461 U.S. 424, 433-34, 103 S.Ct. 1933, 76 L.Ed. 2d 40 (1983) (quotation and citation omitted) (emphasis in original). Notably, the party seeking the attorney fee award bears the burden of establishing reasonableness. Hyatt v. Barnhart, 315 F.3d 239, 253 (4th Cir. 2002).

In evaluating whether a requested award is reasonable, district courts enjoy substantial discretion. Id. at 254. Courts will typically consider the following factors in determining reasonableness: "(1) the extent of a plaintiff's success; (2) the novelty and complexity of the issues presented; (3) the experience and skill of the attorney; and (4) the typical range of compensated hours in a particular field." Rogers v. Astrue, 2015 WL 9239000, at *2 (W.D.N.C. Dec. 17, 2015).

**III. DISCUSSION**

Defendant concedes Plaintiff is the prevailing party but argues the number of hours for which Plaintiff is requesting attorney's fees is excessive and should be reduced. (Doc. No. 20, p. 2). Plaintiff seeks a total award of $12,651.33 for 61.75 hours worked. (Doc. No. 19-2). Plaintiff calculated hourly fees of $201.70 to $205.64 based on the Consumer Price Index and the increased

2

cost of living. Id. Defendant does not object to the calculated hourly rates, so this Court only addresses the hours worked by Plaintiff's counsel. (See Doc. No. 20).

The Court finds the hours billed by Plaintiff's counsel is excessive. Plaintiff's counsel has billed 61.75 hours of work.[1] (Doc. No. 19-2). This is approximately 15-41 hours more than the typical range of reasonable hours worked on Social Security cases in this circuit. See, e.g., Lewis v. Saul, 2020 WL 3259395, at *3-*4 (D.S.C. June 16, 2020) (reducing hours worked from 46 to 35); Gibson v. Colvin, 2015 WL 728251, at *2 (E.D.N.C. Feb. 19, 2015) (finding 46.3 hours compensable where administrative record exceeded 1,000 pages); Brandon v. Colvin, 2015 WL 728225, at *2 (E.D.N.C. Feb. 19, 2015) (finding 23.5 hours compensable); Harlan v. Colvin,. 2014 WL 1632931, at *2-3 (W.D.N.C. Apr. 23, 2014) (finding 32 hours compensable); Gibby v. Astrue, 2012 WL 3155624, at *5 (W.D.N.C. Aug. 2, 2012) (recognizing 20 to 40 hour convention); Dixon v. Astrue, 2008 WL 360989, at *4 (E.D.N.C. Feb. 8, 2008) (finding 25.23 hours of attorney time compensable). As such, the reasonableness of the requested award in light of the typical range of compensated hours in this field weighs against Plaintiff.

A close review of counsel's timesheet also undercuts the requested hours. The time entries for fees requested is replete with block billing and a lack of detail such that it is difficult for this Court to evaluate the reasonableness of the requested award. (Doc. No. 19-2). For example, the largest amount of time billed at once is 6.5 hours, dedicated to "review file, draft memo: re court merit" in December 2018 and "legal research, draft arguments" in May 2019. Id. Block billing is generally disfavored as "it does not provide the district court with a clear sense of how many hours were performed on a particular task." Triplett v. N.C. Dep't of Pub. Safety, 2017 WL 3840422, at *4 (W.D.N.C. Sept. 1, 2017). Given the lack of detail in the time records and the generalized

---

[1] Roughly 57 of which were dedicated to reviewing, researching, and drafting the summary judgment motion and reply. (Doc. No. 19-2).

3

statements alleging reasonableness in her briefing (See Doc. No. 19; Doc. No. 21), Plaintiff has not met her burden of establishing reasonableness. However, the Court notes that Plaintiff's counsel having obtained a favorable judgment in a relatively complex case where the administrative record is more than 1,000 pages weighs in favor of Plaintiff. As such, Plaintiff is clearly entitled to attorney's fees.

Accordingly, the Court hereby GRANTS IN PART and DENIES IN PART Plaintiff's Motion for Attorney's Fees. In the exercise of its discretion, the Court reduces Plaintiff's requested award by 16 hours, for a total of 45.75 hours of work compensated at an average hourly rate of $204.87, totaling $9,372.80.

IT IS SO ORDERED.

Signed: October 5, 2020

Frank D. Whitney
United States District Judge